No. DA 06-0580

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 113N

ROBERT BROWN,

        Plaintiff and Appellant,

  v.

TOWE PARTNERSHIP, LLC,

        Defendant and Respondent.


APPEAL FROM:    The District Court of the Sixteenth Judicial District,
                    In and For the County of Wibaux, Cause No. DV-05-09,
                    Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Robert Brown, *pro se*, Wibaux, Montana

        For Respondent:

        Thomas E. Towe, Towe, Ball, Enright, Mackey & Sommerfeld, PLLP,
        Billings, Montana


                    Submitted on Briefs:  April 11, 2007

                              Decided:  May 8, 2007

Filed:

              _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Brown, acting *pro se*, appeals from the District Court's grant of summary judgment for the defendant, Towe Partnership, LLC. In 2003, Brown bought a condominium unit via a contract for deed from Towe Partnership. The condo is located in the Wibaux Condo II complex in Wibaux, Montana. The complex is managed pursuant to the Wibaux Condo II Homeowner's Association (the Association), which was created in 1987. The Association adopted by-laws in 1987 and elected officers. The last annual meeting of the Association took place in 1999. Since that time, Edward Towe, the managing member of Towe Partnership, has served as the secretary and treasurer of the Association and has managed many of the affairs of the complex in that capacity.

¶3 On November 30, 2005, Brown filed a complaint against the Towe Partnership alleging that his opinions and suggestions were ignored by Edward Towe; that Edward Towe leased condos without due diligence; that tenants of the complex behaved poorly, even illegally in some instances, and thereby negatively affected Brown's quality of life; that the water in his condo is not pure; that the complex, including Brown's unit, contains

toxic mold and is in need of general upkeep; and, finally, that Brown has "virtually lost all of his investment" as a result of these deficiencies. Brown sought damages for loss of investment, as well as the cessation of the use of the name "Wibaux Condominium Association."

¶4     On February 24, 2006, the Towe Partnership filed a motion to dismiss for failure to state a claim. On March 1, 2006, the Towe Partnership filed, by fax, a brief in support of the motion to dismiss as well as an alternative motion for summary judgment and brief in support. The Partnership subsequently mailed a paper copy of the brief and motion to the court and to Brown. On March 6, 2006, the Partnership filed an answer and counterclaim. The counterclaim alleged that Brown had defaulted on his contract for deed payments and sought a declaration that the contract was terminated and the Partnership was entitled to immediate possession of Brown's condo, as well as costs and attorney fees pursuant to the terms of the contract for deed.

¶5     After a hearing on June 12, 2006, the court granted summary judgment for the Towe Partnership concerning Brown's claims. The court concluded that the Association, not the Towe Partnership, was the party responsible for upkeep of the complex and thus Brown had sued the wrong party. The court also found that Brown was in default and ordered him to bring current his contract for deed payments, together with interest, within forty-five days or his previous payments would be forfeited and the contract for deed terminated. Finally, the court awarded attorney fees and costs.

¶6 Brown's sole contention in his initial brief is that the court erred in ruling for the Towe Partnership because the Partnership's brief in support of its motion to dismiss was filed more than five days after the motion itself was filed, in violation of the time limit set forth in the Uniform District Court Rules. Brown's argument is off target. The court granted the Towe Partnership's motion for summary judgment, not its motion to dismiss. The summary judgment motion and brief in support were filed on the same day, and Brown does not claim otherwise. The alleged late filing of the motion to dismiss brief does not affect the separate motion for summary judgment nor the court's ruling on that motion.

¶7 Brown raises several other arguments in his reply brief, such as the assertion that the Towe Partnership fraudulently misled him by claiming there was an active homeowner association when in fact it has not met since 1999. However, these arguments were not raised in Brown's initial brief. We do not address legal theories raised for the first time in a reply brief. *See* M. R. App. P. 23(c); *State v. Sattler*, 1998 MT 57, ¶ 47, 288 Mont. 79, ¶ 47, 956 P.2d 54, ¶ 47 (citations omitted). For that reason, we decline to discuss the arguments raised only in Brown's reply brief.

¶8 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issue is clearly controlled by settled Montana law which the District Court correctly interpreted.

¶9 We affirm the judgment of the District Court.


/S/ W. WILLIAM LEAPHART


We concur:


/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS